**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| POWER EXPECTATIONS, LLC,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PUERTO RICO ELECTRIC POWER AUTHORITY.**<br><br>**Defendant** | **CIVIL NO. 26-cv-01571 (RAM)**<br><br>**JURY TRIAL DEMANDED** |

**MOTION IN COMPLIANCE WITH ORDER TO SHOW CAUSE**

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff Power Expectations, LLC ("Power Expectations" or "Plaintiff"), through the undersigned counsel, and respectfully submits this Motion in compliance with the Court's September 4, 2026, Order directing Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction:

1. On September 2, 2026, Power Expectations, LLC ("Power Expectations") filed the above-captioned *Verified Complaint* against the Puerto Rico Electric Power Authority ("PREPA"), asserting claims arising from PREPA's conduct in connection with, and ultimate termination of, the Power Purchase and Operating Agreement (Temporary Power Generation), Contract No. 2026-P00107 (the "PPOA"), including claims for breach of contract and breach of the duty of good faith and fair dealing. *See* Docket No. 1. The Complaint challenges the validity of PREPA's termination and seeks, among other relief, reinstatement of the PPOA, damages resulting from PREPA's alleged breaches, and related declaratory and equitable relief. *Id.*

2. On September 4, 2026, the Court entered the following Order:

ORDER: "It is black-letter law that '[f]ederal courts are courts of limited jurisdiction and thus must take pains to act only within the margins of that jurisdiction.' " Morales Feliciano v. Rullan, 303 F.3d 1, 6 (1st Cir. 2002) (quoting Cumberland Farms, Inc. v. Me. Tax Assessor, 116 F.3d 943, 945 (1st Cir.1997)). By September 11, 2026, Plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

3. Plaintiff respectfully submits that this Court possesses subject-matter jurisdiction pursuant to Section 306(a)(2) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166(a)(2). Section 306(a)(2) provides that "[t]he district courts shall have . . . original but not exclusive jurisdiction of all civil proceedings arising under this subchapter or arising in ***or related to*** cases under this subchapter." (Emphasis added). 48 U.S.C. § 2166(a)(2).

4. Title III of PROMESA, entitled "Adjustments of Debts," 48 U.S.C. §§ 2161–2178, establishes the federal statutory framework through which Puerto Rico and its covered territorial instrumentalities may adjust their debts under the supervision of this Court. As this Court is well aware, PREPA has been a debtor in such a proceeding since July 2, 2017, when the Financial Oversight and Management Board for Puerto Rico ("FOMB"), acting as PREPA's statutory representative, filed a petition for relief on PREPA's behalf. See *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 813 F. Supp. 3d 234, 241 (D.P.R. 2025). PREPA's Title III case remains pending and unresolved before this District Court.

5. Section 306(a)(2)'s jurisdictional language parallels the bankruptcy-jurisdiction statute, 28 U.S.C. § 1334(b). Accordingly, the First Circuit and this District Court have looked to Title 11 jurisprudence for guidance in determining the scope of PROMESA's "related to" jurisdiction. See *Fin. Oversight & Mgmt. Bd. for P.R. v. Hernández-Montañez (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 77 F.4th 49, 61 (1st Cir. 2023) ("general principles from our title 11 case law are instructive"); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 813 F. Supp. 3d 234, 248

(D.P.R. 2025) ("case law applying the analogous bankruptcy jurisdiction statute, 28 U.S.C. § 1334(b), has offered instructive guidance").

6. In the bankruptcy context, a proceeding is "related to" a bankruptcy case when it "potentially [has] some effect on the bankruptcy estate, such as altering [the] debtor's rights, liabilities, options, or freedom of action, or otherwise [has] an impact upon the handling and administration of the bankrupt estate." *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002) (citation omitted).

7. The First Circuit has emphasized that, although "'related to' jurisdiction 'cannot be limitless,' it is nonetheless 'quite broad.'" *Hernández-Montañez*, 77 F.4th at 60 (quoting *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 663 (1st Cir. 2017)). It has further recognized, in light of the "sui generis nature of PROMESA," that "what might be 'related to' a Title III case is distinct from what might be 'related to' a title 11 bankruptcy case." *Id.* at 61.

8. Against that backdrop, this District recently addressed the application of Section 306(a)(2)'s "related to" jurisdiction in litigation involving PREPA itself. Specifically, in *In re Financial Oversight and Management Board for Puerto Rico*, 813 F. Supp. 3d 234 (D.P.R. 2025) (the "*LUMA* case"), the Court examined the jurisdictional nexus between PREPA's pending Title III case and litigation concerning its contractual rights under a post-petition agreement.

9. In the *LUMA* case, LUMA Energy, LLC and LUMA Energy ServCo, LLC brought an adversary proceeding against PREPA and the Puerto Rico Public-Private Partnerships Authority ("P3A") concerning the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "T&D OMA"). *Id.* at 239-40. The T&D OMA, executed on June 22, 2020, provided for LUMA to assume the operation and management of PREPA's transmission and distribution system, while PREPA retained ownership of that system and P3A served as

administrator of the agreement. *Id.* at 241. The controversy arose after P3A initiated contractual dispute-resolution procedures concerning six disputes involving alleged noncompliance with the T&D OMA and characterized each as a "Technical Dispute" subject to resolution by an independent expert. In contrast, LUMA maintained that the disputes were non-technical and subject to mediation and, where applicable, litigation under different provisions of the agreement. *Id.* at 242-44. LUMA thereafter asserted one claim for breach of contract and two claims for declaratory relief and sought, among other remedies, to compel mediation and enjoin PREPA and P3A from proceeding through the T&D OMA's technical-dispute process pending resolution of that threshold dispute. *Id.* at 244-45. Of particular relevance to this case, P3A moved to dismiss the adversary proceeding for lack of subject-matter jurisdiction. *Id.* at 245.

10. The Court held that "related to" jurisdiction existed under Section 306(a)(2). *Id.* at 249–50. The Court emphasized that resolution of the dispute would necessarily affect PREPA's contractual rights. *Id.* at 249. It further recognized that matters bearing on PREPA's liability and value in its unresolved Title III case had the potential to affect administration of the estate. *Id.* Moreover, because the dispute arose from the validity and performance of an agreement linked to PREPA's operations, the Court established the necessary nexus to PREPA's Title III proceeding. *Id.* at 249–50. The Court clarified its reasoning:

> "[A] proceeding is 'related to' a Title III case when the proceeding 'potentially [has] some effect on the bankruptcy estate, such as **altering [a] debtor's rights, liabilities, options, or freedom of action**, or otherwise [has] an impact upon the handling and administration of the bankrupt estate.'…
>
> As for 'related to' jurisdiction, **the Court concludes that such jurisdiction exists with respect to the Adversary Proceeding**…Resolution will necessarily touch upon **PREPA's contractual rights** under the T&D OMA, which is property of PREPA…
>
> In addition, **matters pertaining to liability and value in PREPA's unresolved Title III case have the potential to affect the administration of PREPA's Title**

> **III estate**…**Disputes over the validity of and performance under the T&D OMA** then, an agreement that concerns the operation and management of substantial revenue-generating assets, **affects PREPA's Title III case in a manner sufficient to establish 'related to' jurisdiction**…
>
> Accordingly, **the Court concludes that 'related to' jurisdiction exists and that it has subject matter jurisdiction pursuant to section 306(a)(2) of PROMESA.**"

*Id.* at 248–50 (emphasis added; citations and intervening material omitted).

11. Here, the jurisdictional nexus is clear and direct. PREPA is itself the Title III debtor, the sole Defendant in this action, and a party to the PPOA. Power Expectations asks this Court to declare that PREPA's termination of the PPOA was invalid and contrary to the Agreement, to reinstate the PPOA, and to hold PREPA liable for its breaches of contract, including its breach of the duty of good faith and fair dealing. See Docket No. 1 ¶¶ 184–243. Power Expectations likewise seeks declaratory and equitable relief preventing PREPA from giving effect to the challenged termination and restoring the parties to the contractual relationship that originally existed. *Id.* ¶¶ 262–285, 309–314. The Complaint, therefore, directly implicates PREPA's contractual rights, obligations, liabilities, and freedom of action under the PPOA. It also seeks monetary relief directly from PREPA for the breaches and other conduct alleged in the Complaint. *See id.* ¶¶ 184-215, 223–224, 243, 304. Any monetary judgment against PREPA would directly affect its assets and financial liabilities while its Title III case remains unresolved. Thus, the outcome of this litigation has the potential to affect both PREPA's contractual position and the administration of its Title III estate. The nexus to PREPA's Title III proceeding is, therefore, direct and substantial.

12. This District's decision in *Voya Institutional Trust Co. v. University of Puerto Rico*, 266 F. Supp. 3d 590 (D.P.R. 2017), further confirms that the potential financial effect of litigation is sufficient to establish "related to" jurisdiction under Section 306(a)(2). In that case, after ordering the plaintiff to show cause why the action should not be dismissed for lack of subject-

matter jurisdiction, the Court concluded that jurisdiction existed because disposition of the litigation could "conceivably affect" the Commonwealth's Title III case. *Id.* at 596–99. In reaching that conclusion, the Court relied on First Circuit precedent finding "related to" jurisdiction where litigation would "put the [debtor's] estate at risk of liability for what could be a substantial damage award." *Id.* at 598 (quoting *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991)). The Court further emphasized that a plaintiff need not establish with "certainty, or even [a] likelihood" that the litigation will affect the Title III estate; a conceivable effect is sufficient. *Id.* at 599.

13. The nexus here is measurably stronger. Although the University of Puerto Rico was not itself a Title III debtor in *Voya* (*Id.* at 595), the Court nonetheless established jurisdiction because the litigation could ultimately affect assets associated with the Commonwealth's Title III estate. *Id.* at 599. Conversely, PREPA is both the Title III debtor and the sole Defendant here. Power Expectations seeks damages directly from PREPA for allegedly wrongful conduct and breaches of the PPOA, its continuing contractual obligations, and the duty of good faith and fair dealing. Because any monetary judgment would run directly against PREPA, it would alter the debtor's liabilities. This outcome, combined with the requested declaratory and equitable relief that defines PREPA's contractual rights and obligations under the PPOA, establishes a potential impact on the unresolved Title III case that easily satisfies Section 306(a)(2)'s broad "related to" standard.

14. The PPOA's own terms further reinforce its direct nexus to PREPA's Title III proceeding. The Agreement was entered into while PREPA's Title III case was pending, following review by the FOMB and the FOMB's approval of the proposed contract for execution on June 2, 2026. *See* Docket No. 1 ¶¶ 53–54, 62. More significantly, Section 13.1 of the PPOA expressly ties PREPA's payment obligations to its Title III proceeding. It provides that the classification of those obligations as "Current Expenses" under the PREPA Trust Agreement and Title III of PROMESA

"must be validated in writing by the legal and financial professionals designated by PREPA in its Title III proceeding and by the Oversight Board or their authorized designees," and that "[n]o payment shall become due until such written validation is delivered to the Parties." *Id.* ¶ 72. Thus, the PPOA is not merely a contract with an entity that happens to be a Title III debtor; the Agreement itself expressly incorporates PREPA's ongoing Title III proceeding into the treatment of PREPA's contractual payment obligations.

15. The PPOA also directly concerns PREPA's ongoing operations. The Agreement resulted from a procurement for 400 MW of temporary generation at the Aguirre facility and was approved by the Puerto Rico Energy Bureau for that purpose. *Id.* ¶¶ 42, 45. The relief sought in this action will determine whether PREPA remains bound by that operational agreement or may instead give effect to its purported termination and pursue replacement capacity. That determination necessarily bears upon PREPA's contractual obligations, liabilities, options, and freedom of action while its Title III proceeding remains pending. Under the standard articulated by the First Circuit and applied in *LUMA*, that connection independently confirms that this action is "related to" PREPA's Title III case within the meaning of Section 306(a)(2).

16. Lastly, the PPOA itself contains express provisions directing disputes relating to the Agreement to this Court. Article XVIII provides that "[a]ny legal action or proceeding relating to, arising from, or affecting the PREPA Bankruptcy or any matter governed by Title III of PROMESA shall be brought exclusively before the United States District Court for the District of Puerto Rico." Docket No. 2-1 at 39 (Art. XVIII-Applicable Law). Section 20.1 of the PPOA, titled "Exclusive Jurisdiction," further provides that "[a]ny claim, dispute, disagreement or controversy arising between the Parties relating to this Agreement…shall be adjudicated exclusively in the

United States District Court for the District of Puerto Rico." *Id.* at 40, § 20.1. These provisions further reflect the direct nexus between the PPOA and PREPA's pending Title III proceeding.

17. Taken together, these circumstances comfortably satisfy Section 306(a)(2)'s "related to" standard. This action directly concerns PREPA's contractual rights, liabilities, obligations, options, and freedom of action under a post-petition agreement; seeks monetary relief that would run directly against PREPA; and arises under a PPOA that expressly incorporates PREPA's ongoing Title III proceeding into the treatment of PREPA's payment obligations and specifically contemplates adjudication in this Court of disputes affecting the PREPA Bankruptcy or matters governed by Title III. Under the standards articulated by the First Circuit and applied by this District in *LUMA* and *Voya*, the requisite jurisdictional nexus is plainly present. Plaintiff therefore respectfully submits that this Court possesses subject-matter jurisdiction under Section 306(a)(2) of PROMESA and that Plaintiff has shown cause why this action should not be dismissed for lack of subject-matter jurisdiction.

**WHEREFORE**, Power Expectations respectfully requests that the Court find that subject-matter jurisdiction exists pursuant to Section 306(a)(2) of PROMESA, discharge the September 4, 2026 Order to Show Cause, and grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to all appearing parties or their attorneys of record by way of their designated email addresses on this 10th day of September of 2026.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on September 10th, 2026.

**DMR Law**
***Counsel for Plaintiff***
Capital Center Building
Suite 1101
239 Arterial Hostos
San Juan, PR 00918

*s/Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
m.dominguez@dmrpr.com

*s/ Javier F. Micheo Marcial*
Javier F. Micheo Marcial
USDC-PR No. 305310
j.micheo@dmrpr.com

*s/ Juan C. Ramos-Rosado*
Juan C. Ramos-Rosado
*Admitted Pro Hac Vice*
j.ramos@dmrpr.com

*s/ Julian R. Rodriguez-Muñoz*
Julian R. Rodriguez-Muñoz
USDC-PR No. 308301
j.rodriguez@dmrpr.com